IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY SHAROD JAMES-EL,             )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     1:20CV852
                                    )
STEPHEN R. HOLCOMB, et al.,         )
                                    )
            Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but did not use the forms required by the Court or provide sufficient information to allow for a determination regarding his ability to make a payment of the filing fee in this case.

2.  Plaintiff's claims are unclear at this point. He makes conclusory allegations of racial discrimination, but provides no supporting facts showing that he was treated differently from similarly situated members of other races of that Defendants actions were motivated by his race. Plaintiff also makes claims that he was denied access to the courts because prison officials denied him notary services and took some of his legal materials. However, in order to state such a claim, he would have to demonstrate that Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous post-conviction or civil rights claims. See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518

U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004). Plaintiff must clearly set out his claims and any supporting facts.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 10th day of November, 2020.

							_____
							Joe L. Webster
							United States Magistrate Judge

2